# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY TERRY, | No. CIV S-04-2451-MCE-CMK-P |
| Plaintiff, | |
| vs. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| JUSTIN WARD, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint (Doc. 15), filed on May 13, 2005.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  As discussed in more detail in the court's order issued herewith, plaintiff's complaint names a number of defendants who are entitled to dismissal from the action.

First, plaintiff names the California Department of Corrections as a defendant.[1] The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphar Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies.[2] See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, the action should be dismissed as against defendant California Department of Corrections.

Second, plaintiff names state court judges Oss, Guilani, Hammerstone, Lucaccini, Mallett, and Garrigan, as defendants. Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction o their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Therefore, the action should be dismissed as against defendants  Oss, Guilani, Hammerstone, Lucaccini, Mallett, and Garrigan.

Third, the complaint names state prosecuting attorneys Phillips, Puckett, and Mayo as defendants. Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This immunity extends to actions during both the pre-trial and post-trial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997). Therefore, the action should be dismissed as against defendants Phillips, Puckett, and Mayo.

/ / /

/ / /

---

[1] The complaint names the "California Board of Corrections," which the court assumes to be the California Department of Corrections.

[2] A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

1       Fourth, the complaint names state public defenders Telschow, Luna, Schultz, Lundeberg, Quinn, Ambrose, and Everett as defendants. When public defenders are acting in their role as advocates, they are not acting "under color of state law" for purposes of liability under § 1983. See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (1981). Therefore, the action should be dismissed as against defendants Telschow, Luna, Schultz, Lundeberg, Quinn, Ambrose, and Everett.

      Based on the foregoing, the undersigned recommends that the action be dismissed as against defendants California Department of Corrections, Oss, Guilani, Hammerstone, Lucaccini, Mallett, Garrigan, Phillips, Puckett, Mayo, Telschow, Luna, Schultz, Lundeberg, Quinn, Ambrose, and Everett.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2005.

      /s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE